Reza Sina (SBN 250428)
**SINA LAW GROUP**
107 West Valencia Avenue
Burbank, California 91502
Telephone: (310) 957-2057
Facsimile: (425) 409-0763
reza@sinalawgroup.com

Attorneys for Plaintiff Arman Nahavandifar, DBA Luxury Motors of California on Behalf of Himself and All Others Similarly Situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARAMAN NAHAVANDIFAR DBA LUXURY MOTORS OF CALIFORNIA, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> DON RASMUSSEN COMPANY, a Oregon Corporation, DBA LAND ROVER OF PORTLAND; JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware Limited Liability Company; and Does 1-10, inclusive, <br><br> Defendants. | CASE NO. <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. **VIOLATION OF THE CARTWRIGHT ACT [BUS. & PROF. CODE § 16720, *ET SEQ*. ]; AND** <br><br> 2. **UNFAIR COMPETITION LAW (BUS. & PROF. CODE § 17200, *ET SEQ*.).** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, on behalf of himself and all others similarly situated, based on information and belief, states as follows for his complaint:

## NATURE OF THE ACTION

1. This class action arises from an illegal conspiracy between Defendants Don Rasmussen Company dba Land Rover of Portland ("LRP") and Jaguar Land Rover North America, LLC's ("JLR") to restrain the sale and use of their vehicles, and to obtain personal private information to assist the restraint in trade.

2. Specifically, Defendants LRP and JLR have engaged in contract, combination, conspiracy and trust to prohibit the sale or export of vehicles—a restraint in trade. JLR has a trust with LRP that compels LRP to include in every sale of JLR vehicles an "Agreement Not To Broker or Export" to be signed by the buyer. The "Agreement Not To Broker or Export" prohibits the buyer from selling or exporting his/her/its own vehicle for a period of one year.

3. Plaintiff Arman Nahavandifar is a licensed wholesale automobile broker/dealer in the State of California, doing business as Luxury Motors of California. Plaintiff brings this class action to recover damages and other relief on behalf of himself and the Class who were harmed by Defendants' illegal restraints in trade, which directly affect his business by prohibiting the sale of Defendants' vehicles to used wholesalers and retailers.

4. The contract, trust, and conspiracy between Defendants is nothing short of a trust intended to create or carry out restrictions in trade or commerce. Defendants' conduct violates California's Cartwright Act and Unfair Competition Laws. Plaintiff brings this class action on behalf of the following Class:

> *All California wholesale automobile dealers who were harmed by an "Agreement Not To Broker or Export" (or similar agreement to the same effect), at anytime in the last four years (referred to as, "Class Members").*

5. The Class is defined as, and comprised of, the following four subclasses:

> *Subclass A: Class Members who represented clients that were party to an "Agreement Not To Broker or Export" or similar agreement to the same effect.*
>
> *Subclass B: Class Members who could not buy or sell a car due to the "Agreement Not To Broker or Export" or similar agreement to the same effect.*

## PARTIES

6. Plaintiff Arman Nahavandifar DBA Luxury Motors of California ("Plaintiff") is a resident of the State of California, County of Los Angeles. At all relevant times, Plaintiff was a direct purchaser of vehicles sold by Defendants.

7. Defendant Don Rasmussen Company dba Land Rover of Portland ("LRP") is a corporation organized under the laws of the State of Oregon with its principal place of business at 720 NE Grand Avenue, Portland, OR 97232. At all relevant times, LRP was doing business throughout the United States and the State of California. In addition, at all relevant times, LRP required buyers to agree to an Agreement Not To Broker or Export.

8. Defendant Jaguar Land Rover North America, LLC ("JLR") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 555 MacArthur Blvd, Mahwah, NJ 07430. At all relevant times, JLR was doing business throughout the United States and the State of California. In addition, at all relevant times, JLR required every dealership to have an "Agreement Not To Broker or Export" or similar agreement with buyers.

9. Defendants DOES 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff at this time. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants. Each reference in this complaint to "defendants," "Defendants," or a specifically named Defendant refers also to all Defendants sued under fictitious names.

10. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as DOE took part in and participated with Defendants

in all matters referred to herein and was in some manner responsible for the injuries and losses suffered by Plaintiff.

11. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants was the agent, servant and/or employee or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendants has ratified, consented to, and approved the acts of his agents, employees, and representatives, and that each actively participated in, aided and abetted, or assisted one another in the commission of the wrongdoing alleged in this Complaint.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive on interest and costs.

13. This Court has personal jurisdiction over the parties because Plaintiff submits to the jurisdiction of the Court and Defendants systematically and continually have conducted and continue to conduct business in the County of Los Angeles and the State of California. Defendants also own and maintain substantial assets in the County of Los Angeles and the State of California.

14. Venue is proper within this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the acts, conduct, events or omissions occurred within the State of California, within Los Angeles County, and because the Defendants transact business with consumers who reside in Los Angeles County and the State of California.

# FACTUAL BACKGROUND

*Plaintiff*

15. Plaintiff Arman Nahavandifar DBA Luxury Motors of California ("Plaintiff") is a wholesaler and retailer of used vehicles. At all relevant times, Plaintiff was a purchaser and seller of vehicles sold by Defendants.

*Defendants*

16. Defendant LRP is in the business of selling new and pre-owned Land Rover vehicles.

17. LRP boasts: "At Land Rover Portland, our commitment to practicing the Land Rover Way of doing business affords our customers with extraordinary buying and servicing experiences."

18. What LRP fails to boast, however, is that it places onerous restrictions on what purchasers can do with their vehicle in terms of sales or transferring title, and that LRP conducts an exhaustive and sensitive background check on the purchaser to ensure dominion over the sale or transfer of the vehicle.

19. Defendant JLR seeks to exert dominion and control over the sale of their vehicles by third parties. In this vein, JLR seeks to prohibit otherwise lawful conduct: exporting of cars.

20. To accomplish its goal, JLR threatens its authorized dealerships that it will penalize them if they permit the sale or transfer of on of their vehicles within the first year of purchase by a buyer. In response to such threats, the dealerships (such as LRP) entered into agreements with JLR that they will prohibit the sale or export of their vehicles within one year.

21. Moreover, LRP and JLR conspired and agreed to obtain personal information from the buyers -- that goes far beyond the ordinary new car purchase -- in order to conduct an extensive background check on the buyer.

22. LRP and JLR then take affirmative acts in furtherance of this conspiracy, which is to require agreements between the dealership and the buyer.

## *The Conspiracy and Trusts in Restraint of Trade*

23. Each purchaser is required to be bound by the following:

### AGREEMENT NOT TO BROKER or EXPORT

Land Rover Portland ("LRP") is an authorized franchised dealer of Jaguar Land Rover ("JLR"). JLR prohibits its authorized dealers from exporting new Land Rover vehicles outside the exclusive sales territory of the United States and will assess penalties against LRP for each new Land Rover vehicle it sells or leases which is exported from the United States within one year from the date of reported new vehicle delivery to customer. Therefore, in consideration of LRP selling or leasing a new Land Rover vehicle to the undersigned, I represent, warrant and agree as follows:

1. The vehicle will be leased or purchased for personal and/or business use within the United States and there is no agreement or intention to export the vehicle outside the United States or transfer title to the vehicle to any party.

2. The vehicle will not be exported outside of the United States or transferred to any other party for export outside of the United States, directly or indirectly, for a period of one year from date of delivery.

3. If the vehicle is exported outside of the United States at any time within one year of the date of delivery, the undersigned shall be responsible to LRP for the liquidated damages described below, regardless of who ordered or effectuated the export of the vehicle from the United States.

4. The undersigned further stipulates and agrees that LRP is entitled and allowed to inquire as to my nationality; residency status; employment; residence information; scholastic status and educational plan; and the financial basis underlying this transaction in order to determine whether the vehicle at issue is, or is likely to be exported by the purchaser or his or her assignees. I hereby agree that I will cooperate with LRP's reasonable inquiries so that it may determine whether there is a substantial risk that the vehicle may be exported; and if so, the likelihood that I will be subject to service of a Summons and Complaint for the recovery of the resulting damages in either State or Federal

>Court. I further understand that LRP reserves the unrestricted right to not sell the vehicle for any reason, provided that any and all deposits placed toward the purchase of the vehicle are returned in full.
>
>The parties agree that it would be impractical or difficult to fix the actual and specific amount of penalties which may be assessed against LRP by JLR if the vehicle leased or purchased by the undersigned is exported out of United States. Therefore, if the vehicle is exported outside of the United States within one year of the date of delivery, the undersigned shall be obligated to pay to LRP the sum of thirty thousand dollars ($30,000) as liquidated damages. Upon receipt of such payment, the undersigned shall be released from any further liability to LRP.
>
>I certify and agree that I am buying this vehicle for my own personal use, and have no intent to resell or transfer ownership to anyone. I am not buying this vehicle for any undisclosed third party. I have not been paid, nor promised payment by anyone to pose as a bona fide purchaser in this transaction. I am buying this vehicle for my own personal use. The funds used to purchase it are my own, and have not been transferred to my account or paid by any undisclosed third party. I agree that any violation of this paragraph in light of the vehicle's export from the United States within one year of the purchase date will subject me to the payment of the liquidated damages set forth above.
>
>If you sell this vehicle within one year, you will want to require the buyer to agree to these terms, as you will be held liable for these damages if the vehicle is exported within one year.

24. Attached as Exhibit A is a true and correct copy of said Agreement.

### *Application of the Restraint in Trade to Plaintiff*

25. Plaintiff has both (1) represented clients who wanted to buy or sell a JLR vehicle, and (2) himself has attempted to buy or sell a JLR vehicle. In both instances, Plaintiff was unable to complete the business transaction because either the dealership would not sell to him a JLR vehicle or the client could not consummate the transaction due to the Agreement Not To Broker or Export.

26. In fact, defendant LRP has taken legal action against Plaintiff and his client for exporting a JLR vehicle.

- 7 -
CLASS ACTION COMPLAINT

27. On March 17, 2015, LRP commenced an action against Plaintiff and his client in the Circuit Court of State of Oregon, County of Multnomah, *Don Rasmussen v. Huteson, et al*, Case No. 15CV06208. In that action, LRP seeks $30,000 in liquidated damages for the sale of a JLR vehicle because of the Agreement Not To Broker or Export.

28. LRP's action in enforcing the agreement between JLR and LRP to restrain the trade and sale of its vehicles is yet another overt act in furtherance of the conspiracy.

29. Plaintiff and the Classes performed all obligations and conditions required of them.

## CLASS ALLEGATIONS

30. <u>Description of the Class</u>: Plaintiff brings this Class action on behalf of himself and the Classes defined as follows:

> **General Class:** *All California wholesale automobile dealers who were harmed by an "Agreement Not To Broker or Export" (or similar agreement to the same effect), at anytime in the last four years (referred to as, "Class Members").*
>
> **Subclass A:** *Class Members who represented clients that were party to an "Agreement Not To Broker or Export" or similar agreement to the same effect.*
>
> **Subclass B:** *Class Members who could not buy or sell a car due to the "Agreement Not To Broker or Export" or similar agreement to the same effect.*

31. Excluded from the Classes are governmental entities, any entity in which Defendant had a controlling interest, and Defendant's officers, directors, and salaried and exempt employees. Also excluded from the Classes is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

32. Plaintiff reserves the right to modify the Classes' description and the Classes' period based on the results of discovery.

33. <u>Numerosity</u>: The proposed Classes are so numerous that individual joinder of all its members is impracticable. As the factual allegations demonstrate, thousands of persons are members of the Classes. While the exact number and identities of the members of the Classes are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the members of the Classes in a single class action will provide substantial benefits to all parties and to the Court.

34. <u>Common Questions of Law and Fact Predominate</u>: There are many questions of law and fact common to the representative Plaintiff and the Classes, and those questions substantially predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

   a. Whether Defendants engaged in a contract, combination, or conspiracy to restrict the sale of their vehicles in commerce in the United States;

   b. Whether Defendants engaged in unlawful, unfair, or fraudulent business practices in violation of Business and Professions Code § 17200 *et seq.*;

   c. The nature and extent of damages, restitution and disgorgement, and other remedies to which Plaintiff and the members of the Classes are entitled.

35. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Classes. Plaintiff and all members of the Classes have been similarly affected by Defendant's conspiracy and restraints in trade.

36. <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has retained counsel with

substantial experience in prosecuting complex and class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interests adverse to those of the Classes.

37. <u>Superiority of a Class Action</u>: Plaintiff and the members of the Classes suffered, and will continue to suffer, harm as a result of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual joinder of all members of the Classes is impractical. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the Classes. Furthermore, for many, if not all, class members, a class action is the only feasible mechanism that allows them an opportunity for legal redress and justice.

38. Adjudication of individual class members' claims with respect to the Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

# FIRST CAUSE OF ACTION
# VIOLATION OF THE CARTWRIGHT ACT
# (BUS. & PROF. CODE § 16720, *ET SEQ*.)
### (Against All Defendants)

39. The preceding paragraphs of this Complaint are realleged and incorporated by reference. Plaintiff asserts this claim on behalf of himself and the Classes.

40. Defendants entered into and engaged in an unlawful trust in restraint of the trade and commerce described above in violation of California Business and Professions Code section 16720. For the past four years from the date of this complaint, Defendants engaged in continuing trusts in restraint of trade and commerce in violation of the Cartwright Act.

41. Defendants' trusts have included concerted action and undertakings among the Defendants with the purpose and effect of prohibiting the sale or transfer of their vehicles to wholesalers or the general public.

42. Defendants' trusts have included concerted action and undertakings among the Defendants with the purpose and effect of prohibiting the sale or transfer of their vehicles to wholesalers or the general public.

43. The unlawful trust among Defendants has had the following effects, among others: (a) competition among wholesalers for the purchase and re-sale of Defendants' vehicles has been suppressed, restrained, and eliminated; and (b) Plaintiff and class members have lost money and customers from not being able to freely purchase and re-sell Defendants' vehicles in commerce.

44. Plaintiff and members of the Class are "persons" within the meaning of the Cartwright Act as defined in section 16702.

45. The acts done by each Defendant as part of, and in furtherance of, their contracts, combinations or conspiracies were authorized, ordered, or done by their

respective officers, directors, agents, employees, or representatives while actively engaged in the management of each Defendant's affairs.

46. Defendants' contracts, combinations and/or conspiracies are per se violations of the Cartwright Act.

47. Accordingly, Plaintiff and members of the class seek three times their damages caused by Defendants' violations of the Cartwright Act, the costs of bringing suit, reasonable attorneys' fees, and a permanent injunction enjoining Defendants' from ever again entering into similar agreements in violation of the Cartwright Act.

## SECOND CAUSE OF ACTION
## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTIONS 17200 *ET SEQ*.
### (Against All Defendants)

48. The preceding paragraphs of this Complaint are realleged and incorporated by reference. Plaintiff asserts this claim on behalf of themselves and the California Subclass.

49. This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to California Business and Professions Code section 17200 *et seq*. which provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

50. The actions described herein constitute a violation of California Business and Professions Code section 17200, *et seq*. Specifically, the conduct of Defendants in engaging in combinations with each other and others with the intent, purpose, and effect of creating and carrying out restrictions in trade and commerce is in violation of California law, including, but not limited to violations of Business and Professions Code § 16720.

51. Plaintiff has suffered injury in fact and has lost money and property as a result of such unfair and unlawful business practices. Such injuries and losses include, but are not limited to, lost profits, lost income, the defense of the Multnomah action, etc.

52. As a result of Defendants' violations of Business and Professions Code section 17200, Defendants have unjustly enriched themselves at the expense of Plaintiff and the Class. The unjust enrichment continues to accrue as the unlawful, unfair, and fraudulent business acts and practices continue.

53. Plaintiff and the Classes seek restitution, injunctive relief and all other relief from Defendants allowed under §17200, *et seq.* Plaintiff and the Class also seek attorneys' fees pursuant to Cal. Code Civ. Proc. §1021.5, as well as such other and further relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and members of the Classes request that the Court enter an order or judgment against the Defendant as follows:

1. Certification of the Classes and appointment of Plaintiff as Class Representative and his counsel of record as Class Counsel;

2. Adjudge and decree that each Defendant has engaged in the conduct alleged herein;

3. Enjoin and restrain each Defendant and their officers, agents, servants and employees, and those in active concert or participation with them, from continuing or engaging in such conduct or other conduct having similar purpose or effect;

4. Adjudge and decree that each Defendant has engaged in a trust, contract, combination, or conspiracy in violation of California Business and Professions Code section 16750(a), and that Plaintiff and the members of the class have been damaged and injured in their business and property as a result of this violation;

CLASS ACTION COMPLAINT

5. The alleged combinations and conspiracy be adjudged and decreed to be per se violations of the Cartwright Act;

6. Plaintiff and the members of the class he represents recover threefold the damages determined to have been sustained by them as a result of the conduct of Defendants, complained of herein as provided in California Business and Professions Code section 16750(a), and that judgment be entered against Defendants for the amount so determined;

7. Award to Plaintiff and the Classes attorneys' fees and other costs of suit to the extent permitted by law;

8. Award general and special damages, according to proof;

9. Award restitution, disgorgement, and all other relief allowed under §17200, *et seq.* to Plaintiff and the Classes; and

10. As to all causes of action, such other and further relief as the Court may deem just and proper.

Dated: December 2, 2015        SINA LAW GROUP


By: ___/s/ Reza Sina_____
    Reza Sina
    Attorney for Plaintiff and the Classes


**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action.

Dated: December 2, 2015        SINA LAW GROUP


By: ___/s/ Reza Sina_____
    Reza Sina
    Attorney for Plaintiff and the Classes

CLASS ACTION COMPLAINT